**STATE OF NEW YORK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 93–CV–1315.

United States District Court,
N.D. New York.

May 6, 1994.

New York Civ. Recoveries Bureau, State of N.Y., Albany, NY (Sharon Theodore–Lewis, of counsel), for the State of N.Y.

U.S. Dept. of Justice, Tax Div., Washington, DC (Peter Sklarew, Trial Atty., of counsel), Gary L. Sharpe, U.S. Atty., Albany, NY (James C. Woods, Asst. U.S. Atty., of counsel), for U.S.

## MEMORANDUM DECISION AND ORDER

CHOLAKIS, District Judge.

Plaintiff State of New York brings this action to recover from the United States $3,535,560.80 in gasoline excise taxes that it claims it is entitled to under 26 U.S.C. §§ 4221(a)(4) and 6421(c). From the complaint, it appears that the State is claiming reimbursement for an amount equal to the manufacturers excise tax attributable to gasoline that State employees purchased to fuel their own automobiles and consumed while travelling on State business from 1985 to the present. *See* 26 U.S.C. § 4081(imposing, excise tax on gasoline); *see also* Complaint at ¶ 15. For reasons that follow, the court shall grant the motion to dismiss.

### Discussion

Because the State did not directly pay the tax to the United States, the State is not seeking a refund of taxes in the technical sense. Rather, the State is asking the court to compel the United States to reimburse it in an amount equal to the tax that the United States imposed on the "removal" of the gasoline from its origin. The State's theory, and the theory of the statute that authorizes reimbursement, is that the excise tax on gasoline is ultimately passed on to the consumer of the gasoline.

The United States brings a motion to dismiss the complaint on the grounds that the sale of gasoline to a State employee who thereafter consumes the gasoline while on State business is not a sale "to a State or local government for the exclusive use of a State or local government" and therefore the

State is not entitled to reimbursement under 26 U.S.C. § 6421(c). *See* Fed.R.Civ.P. 12(b)(6).

The court has subject matter jurisdiction under 28 U.S.C. § 1346(a).[1]

### Applicable Statutes

Three sections of the Internal Revenue Code of 1986 (the Code) lie at the heart of this case. The first relevant section imposes an excise tax on gasoline, generally when it is removed from the original refineries or terminals or when it is imported into the nation. It provides in relevant part as follows:

**§ 4081. Imposition of tax.**

**(a) Tax imposed. (1) Tax on removal, entry, or sale.** (A) In general. There is hereby imposed a tax at the rate specified in paragraph (2) on—

(i) the removal of gasoline from any refinery,

(ii) the removal of gasoline from any terminal,

(iii) the entry into the United States of gasoline for consumption, use, or warehousing, and

(iv) the sale of gasoline to any person who is not registered under section 4101 unless there was a prior taxable removal or entry of such gasoline under clause (i), (ii), or (iii).

(B) Exception for bulk transfers to registered terminals. The tax imposed by this paragraph shall not apply to any removal or entry of gasoline transferred in bulk to a terminal if the person removing or entering the gasoline and the operator of such terminal are registered under section 4101.

26 U.S.C. § 4081(a). With a limited exception for sales to unregistered entities (an exception not at issue in the present case), the United States does not impose a manufacturers excise tax on the sale (as distin-

guished from the removal or importation) of gasoline.

The next Code section at issue in the present case is section 4221 which, among other things, provides for certain tax exempt sales to State and local governments:

**(a) General rule.** Under regulations prescribed by the Secretary, no tax shall be imposed under this chapter *(other than under section 4121, 4081, or 4091)* on the sale by the manufacturer ... of an article—

. . . .

(4) to a State or local government for the exclusive use of a State or local government....

26 U.S.C. § 4221(a)(emphasis added). As is evident from the italicized parenthetical phrase in the first sentence of section 4221, the manufacturers excise tax that section 4081 imposes on gasoline continues to apply, notwithstanding the recognition in section 4221 of "certain tax free sales."

Because the gasoline excise tax imposed by section 4081 is not affected by section 4221, section 4221 is relevant only because section 6421(c), the third Code section at issue in the case, refers to it. Section 6421(c) provides in full as follows:

(c) Exempt purposes. If gasoline is sold to any person for any purpose described in paragraph (2), (3), (4), or (5) of section 4221(a), the Secretary shall pay (without interest) to such person an amount equal to the product of the number of gallons of gasoline so sold multiplied by the rate at which tax was imposed on such gasoline by section 4081.

26 U.S.C. § 6421(c). The State's case relies exclusively upon section 6421(c), as does the United States's case. In a nutshell, the State emphasizes the purpose to which the gasoline is ultimately put, with less regard for the acquisition of the gasoline; in contrast, the United States emphasizes the acquisition of

---

**1.** Although the case does not, strictly speaking, involve a claim for a refund, Congress has stated that "all provisions of law," presumably including 28 U.S.C. § 1346(a)(1), "applicable in respect to the tax imposed by section 4081 [gasoline excise tax] shall ... apply in respect of the payments provided for in this section [26 U.S.C.

§ 6421] to the same extent as if such payments constituted refunds of overpayments of the tax so imposed." 26 U.S.C. § 6421(g). Thus, for purposes of subject matter jurisdiction the court may treat this case as if the State were seeking a refund of taxes erroneously collected.

the gasoline, requiring that the gasoline be purchased for exclusive State use.

In support of its claim for payment under section 6421(c), the State calculated the number of miles that its employees travelled in their own automobiles while conducting State business from 1985 to the present.[2] Using a "per gallon estimate derived from statistics compiled by the United States Environmental Protection Agency (EPA)" and other public agencies, the State indirectly calculates the number of gallons that its employees consumed in their own automobiles while conducting the State's business. The State then calculates the amount of the excise tax that it hopes to recoup by applying the rates incorporated into section 6421(c) to the number of gallons consumed. Using this method, the State has unsuccessfully sought payments under section 6421(c) since July, 1988.

The United States, through its Internal Revenue Service (IRS), refused to make the payment, reasoning that when the State reimburses its employees for the gas that they consumed while on State business, the gasoline has not been sold to a State exclusively for State purposes within the meaning of 26 U.S.C. § 6421(c). The United States amplifies its position in its memoranda in support of the instant motion to dismiss.

The United States argues that the statute authorizes payments to the State only when gasoline is sold to the State for the "exclusive use" of the State and contends that the sale and the exclusive State purpose for the sale must be contemporaneous. It is not enough, under the construction of the Code that the United States propounds, for an employee of the State to purchase gasoline for her own private purposes (for example, in anticipation of a holiday excursion) but thereafter consume the gasoline for State purposes (for example, when an emergency requires her to drive her car from Albany to Buffalo on

State business). The fact that the gasoline is ultimately *used* exclusively for State purposes is irrelevant to the United States; under the statute, the gasoline must be *purchased for* the exclusive use of the State. Thus, the fact that the gasoline is actually used for State purposes will not bring the transaction within the purview of section 6421(c). The exclusive State use is a necessary but not a sufficient condition to payment under section 6421(c).

The State, however, denigrates the United States's construction as an overly technical reading of section 6421(c) and argues for a more practical construction that would permit the State to recover the excise tax attributable to any gasoline consumed by the State, irrespective of the circumstances surrounding the sale of the gasoline.

It is not clear what documentation the United States would require a State to submit in support of a claim under section 6421. Although there is some squabbling in the papers about the unreasonableness of an IRS regulation that supposedly requires the State to present exemption certificates to the retailer at the time of the sale, it does not appear that the United States requires such exemption certificates, or as noted above, that section 4221(a) even applies to the manufacturers excise tax on gasoline. In its Reply Brief, the United States agrees with the State that "the continuation of the exemption certificate requirement would make no sense at all."[3] The court concludes that the exemption certificate issue is a red herring.

Although section 4221(a)(4) does not provide relief from the gasoline excise tax, the United States relies on the regulations interpreting that section when it considers requests for payment under section 6421(c). *See* 26 C.F.R. § 48.4221–1 *et seq.;* Rev.Rul. 73–542, 1973–2 C.B. 341 (adopting in relevant

---

**2.** The court notes that section 6421(c) does not provide a means for recovering the excise taxes attributable to sales of gasoline that took place before Jan. 1, 1988. Rather, section 6421(c) applies to gasoline removed after Dec. 31, 1987. *See* Tax Reform Act of 1986, Pub.L. 99–514, § 1703(h), 100 Stat. 2085, 2779 (effective date). To the extent that the State seeks recovery under section 6421(c) of monies attributable to gasoline

that it consumed (and therefore, that was removed) prior to Jan. 1, 1988, the State has failed to state a claim for relief.

**3.** *Compare* New York's Memorandum in Opposition at 5–6, 8–11 (bemoaning exemption certificate requirement) *with* United States's Reply Brief at 7–8 (disavowing such a requirement).

part and superseding Rev.Rul. 138, 1953–2 C.B. 432) ("if the employees and officers are paid on a per diem or per mile basis, the sales of gasoline to them are not considered to be sales for the exclusive use of a State").[4] This is probably because section 4221(a)(4), like 6421(c), contemplates a sale to a State or local government exclusively for governmental purposes. In addition, the Secretary has prescribed regulations implementing section 6421 that clearly require documentation of the purchase of the gasoline, not simply the consumption. *See* 26 C.F.R. § 48.6421–0 *et seq.* & § 48.6421–7.

Unfortunately, the Secretary has not amended the regulations since the major revisions to the Code that took place in 1986, including the addition of section 6421(c). Nevertheless, the regulations embody the Secretary's interpretation of section 4221(a)(4), an interpretation that reveals an emphasis on the sale of the gasoline (and the purpose of the sale) rather than merely the consumption of the gasoline. The State challenges the Secretary's interpretation as unreasonable because, according to the State, it frustrates Congress's purpose of providing relief from the manufacturers excise tax on gasoline. Instead, the State contends that its per mile reimbursement approach is more reasonable because it provides for greater reimbursement.[5]

The court agrees with the interpretation of the Code that the United States propounds because the language of the applicable sections plainly requires a "sale"—and not merely consumption—for governmental purposes. For example, the predicate for payment under section 6421(c) is a "sale," in this case to the State of New York: "If gasoline is sold to any person for any purpose described in paragraph (2), (3), (4), or (5) of section 4221(a) ..." *See* 26 U.S.C. § 6421(c). Significantly, Congress did not say "if gasoline is consumed or used by any person" etc. Indeed, Congress knew how to distinguish between the "sale" and "use" of

gasoline, and it explicitly did so by stating that (for statute of limitations purposes) "gasoline shall be treated as used for a purpose referred to in subsection [6421](c) when it is sold for such a purpose." *See* 26 U.S.C. § 6421(d).

The language of section 6421(c) provides further support for the Secretary's emphasis on the sale of the gasoline by directing the Secretary to make the payment to "such person." The only "such person" in section 6421(c) is the person to whom gasoline is sold, here the State of New York. Congress again focuses on the sale when it provides the formula for calculating the payment: the Secretary must multiply the number of gallons of gasoline "so sold" by the applicable rate.

In short, Congress took pains to emphasize the importance of the sale under section 6421(c). And Congress likely had good reason for so limiting the payment under section 6421(c) in this manner, given the ubiquitous use of gasoline and the potential demands on the Treasury. Sales, as opposed to consumption, are more likely to produce documentation that would facilitate the administration of the payments and, thereby, protect the Federal fisc from potentially limitless demands. Regulations that mirror the statute by similarly emphasizing the sale are not unreasonable even though they limit or hamper the State's ability to avoid the effects of an excise tax on all gasoline consumed. Congress evidently intended such a limitation and the court cannot fault the Secretary for adhering to that limitation.

This reading of the statute and the applicable regulations convinces the court that the State cannot state a claim under 26 U.S.C. § 6421(c) for payments based on its per mile reimbursement of its employees who travel in their own automobiles on State business because such per mile reimbursement does not constitute a sale "to a State or local government for the exclusive use of a State

---

**4.** The revenue rulings upon which the United States relies are not binding on the court, but may provide guidance.

**5.** The court cannot concern itself with which interpretation is more reasonable than the other, so long as the Secretary's interpretation is reasonable.

or local government." [6]  *Cf.* Rev.Rul. 73–542, 1973–2 C.B. 341.

Per mile reimbursement documentation that fails to illuminate the circumstances surrounding the sale of gasoline and the exclusivity of the State's use of that gasoline will not support a claim under section 6421(c).

### Conclusion

Accordingly, the court hereby grants the motion to dismiss, but does so with leave to replead within 60 days after the entry of this order.  *See Branum v. Clark,* 927 F.2d 698 (2d Cir.1991) (leave to amend should generally accompany first dismissal).

IT IS SO ORDERED.

---

6. The United States anticipated that the State might argue that the subsequent per mile reimbursement itself constituted a sale.  Counsel for the United States effectively refuted the argument by showing that there is no delivery to the State of gasoline by the employee.  Rather, to the extent that the reimbursement transaction resembles a sale, it is a sale of transportation services.  Apparently conceding the point, the State has not sought to characterize the reimbursement as a sale from the employee to the State that comes within the meaning of section 6421(c), despite the extensive discussion of the point in the memoranda of the United States.  Even if it had advanced this theory, it is clear that the per mile reimbursement approach would not satisfy the strictures of section 6421(c).